UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Mary McEnroe,

    Plaintiff,

v.                                      CASE NO. 8:25-cv-00837-SDM-SPF

Crescent Operations, LLC,

    Defendant.
_____/

## ORDER

Alleging violations of the Family Medical Leave Act, the Florida Civil Rights Act, and the Americans with Disabilities Act, Mary McEnroe sues (Doc. 20) Crescent Operations, LLC, which moves (Doc. 21) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint.

## BACKGROUND

In July 2020, McEnroe began working as director of nursing at Promedica Health and Rehab, which was acquired by Crescent on May 5, 2023. (Doc. 20 at ¶¶ 15-16) On June 23, 2023, McEnroe's healthcare provider diagnosed her with "sinus/acute illness." McEnroe's condition caused "debilitating headaches and recurring severe episodes of sinusitis that cause an inability to work, sleep, breathe, and concentrate." (Doc. 20 at ¶ 20) McEnroe's healthcare provider "determined Plaintiff required a three-week medical lave of absence and cleared her to return to work on

July 17, 2023." (Doc. 20 at ¶ 18) After McEnroe submitted the required paperwork, Crescent granted McEnroe's request for medical leave. (Doc. 20 at ¶¶ 21-28)

While McEnroe was on medical leave, Crescent (1) hired a replacement director of nursing, (2) "boxed and removed [McEnroe's] personal items from her office, assigning the office to [the replacement]," and (3) "cut off" McEnroe's email address. (Doc. 20 at ¶¶ 29-32) On July 17, 2023, the day she was scheduled to return from medical leave, McEnroe texted Crescent "advising them she was aware she had been replaced." (Doc. 34 at ¶ 34)

McEnroe sues Crescent for interference with her rights under the FMLA, discrimination under the FCRA and the ADA, and retaliation under the FMLA, the FCRA, and the ADA.

## DISCUSSION

McEnroe fails to allege sufficient facts to support a plausible claim on all six counts. The complaint's central theory that she was "effectively terminated" while on FMLA leave is conclusory and unsupported. The FMLA permits employers to reassign duties or hire temporary replacements during protected leave, provided the employee is restored to the same or an equivalent position upon return. 29 C.F.R. §§ 825.214, 825.216(a). McEnroe pleads no facts showing that Crescent refused to reinstate her or even that McEnroe attempted to return to work. Without these allegations, a claim for either FMLA interference or retaliation is implausible. *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001); *Bozarth*

*v. Sunshine Chevrolet–Oldsmobile of Tarpon Springs, Inc.*, 2010 U.S. Dist. LEXIS 25881, at *31 (M.D. Fla. Mar. 19, 2010).

McEnroe's constructive discharge theory likewise fails. Constructive discharge requires alleging that working conditions were "so intolerable that a reasonable person in her position would have felt compelled to resign." *Fitz v. Pugmire Lincoln–Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003). Merely alleging dissatisfaction with management decisions or the temporary reassignment of duties is insufficient. *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995). Because McEnroe alleges only that her position was covered during her medical leave, she fails to plead an adverse employment action — an essential element of her FMLA, ADA, and FCRA claims.

McEnroe's ADA and FCRA counts also fail because she alleges no facts showing that Crescent acted "because of" her disability. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007). She identifies no pattern of discriminatory remarks, denial of accommodation, or other conduct suggesting retaliatory animus. Conclusory recitations of discrimination or retaliation, without factual enhancement, are insufficient. *Iqbal*, 556 U.S. at 678–79; *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).

## CONCLUSION

For the above reasons, Crescent's motion to dismiss is **GRANTED**. McEnroe may amend the complaint no later than **OCTOBER 31, 2025**.

ORDERED in Tampa, Florida, on October 10, 2025.

*[Signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE